THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
LEAH S. STRICKLAND [SBN 265724]
lstrickland@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILO MARQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case No. **'15CV1174 AJB DHB**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**<br><br>State Court Complaint filed 04/21/15 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1331, Defendant Midland Credit Management, Inc. ("Midland") hereby removes this action from the Superior Court of the State of California for the County of San Diego, Case No. 37-2015-00321227-SC-SC-CTL (the "State Case") to the United States District Court for the Southern District of California. The grounds for this removal are that plaintiff's complaint raises federal question jurisdiction based on the facts and theory alleged.

**FACTUAL SUMMARY**

1.  On April 21, 2015, plaintiff Camilo Marquez commenced the State Case alleging that Midland "[r]efused to remove negative credit reporting," which

plaintiff appears to allege resulted in his being "unable to refinance [his] home" and caused him to lose money.  (Small Claims Complaint, page 2, ¶ 3.a.)

2. Plaintiff expressly bases his claim on Midland's alleged refusal to remove information from his credit report, which falls squarely within the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  "Through the FCRA, Congress has elected to establish a scheme of uniform requirements regulating the use, collection and sharing of consumer credit information. In order to maintain this uniformity, Congress included express preemption clauses in the FCRA relating to various aspects of consumer credit reporting." *Buraye v. Equifax*, 625 F. Supp. 2d 894, 900 (C.D. Cal. 2008) (quoting *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005)).

3. Plaintiff's claim, which expressly deals with the process of handling consumer disputes regarding credit reporting information in that Plaintiff alleges Midland "refused to remove negative credit reporting," falls squarely within the provisions of 15 U.S.C.A. § 1681s-2(b).  That statute requires "that a furnisher conduct a reasonable investigation of a consumer dispute" and "requires a creditor, upon receiving notice of [a] dispute, to both report the results of the investigation and, if the investigation finds that the information is incomplete or inaccurate, report those results to the [credit reporting agencies]." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (emphasis in original) (quoting § 1681s–2(b)(1)).  Section 1681t(b) contains an express preemption provision, which provides that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies," subject to certain exceptions.  15 U.S.C. § 1681t(b)(1)(F).  No exception applies to the process of handling a consumer dispute.  As such, Plaintiff's claim is necessarily premised on and arises under federal law.

4. Midland was served with the summons and complaint on April 27,

2015.

5. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after service of the complaint.

**JURISDICTION**

6. Removal is proper pursuant to 28 U.S.C. section 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 28 U.S.C. section 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The district court has supplemental jurisdiction over the alleged state law claim because it is so related to the claim over which the district court has original jurisdiction that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a).

7. Pursuant to 28 U.S.C. section 1446(a), Midland attaches as **Exhibit 1** a copy of all process, pleadings, and orders in the State Court action.

DATED: May 27, 2015        SOLOMON WARD SEIDENWURM & SMITH, LLP

By: */s/ Leah S. Strickland*
THOMAS F. LANDER
LEAH S. STRICKLAND
Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INDEX TO EXHIBITS**

<u>Pages</u>

Exhibit 1:   State Court Complaint.................................................................   1-6